**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MICHAEL C.A. MCPHERSON,
<u>Plaintiff-Appellant,</u>

v.

MARYLAND PUBLIC EMPLOYEES COUNCIL
67, American Federation of State,
County and Municipal Employees,
AFL-CIO; GLENARD S. MIDDLETON,
Executive Director of Council 67 of
the American Federation of State,
County and Municipal Employees,
AFL-CIO; DARLENE STROCK, President
and Board Member of Council 67 of
the American Federation of State,
County, and Municipal Employees,
AFL-CIO; MARVIN REDDING, Vice

President and Board Member of
Council 67 of the American
Federation of State, County, and
Municipal Employees, AFL-CIO;
WILLIAM NEAL, Secretary and Board
Member of Council 67 of the
American Federation of State, County,
and Municipal Employees, AFL-CIO;
PEGGY STROCK, Treasurer and Board
Member of Council 67 of the
American Federation of State, County,
and Municipal Employees, AFL-CIO;
BRUCE ALLEN, Board Member of
Council 67 of the American
Federation of State, County, and
Municipal Employees, AFL-CIO;

No. 96-2782

DORIS BRIGHTFUL, Board Member of
Council 67 of the American
Federation of State, County, and
Municipal Employees, AFL-CIO;
JEROME DAMON, Board Member of
Council 67 of the American
Federation of State, County, and
Municipal Employees, AFL-CIO;
MICHAEL PYLES, Board Member of
Council 67 of the American
Federation of State, County, and
Municipal Employees, AFL-CIO;
CHARLES WINTZ, Board Member of
Council 67 of the American
Federation of State, County, and
Municipal Employees, AFL-CIO,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frank A. Kaufman, Senior District Judge.
(CA-96-1867-K)

Argued: June 6, 1997

Decided: July 16, 1997

Before MURNAGHAN, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** James Earl McCollum, Jr., College Park, Maryland, for
Appellant. Sarah Pazourek Harlan, KAHN, SMITH & COLLINS,

2

P.A., Baltimore, Maryland, for Appellees. **ON BRIEF:** Joel A. Smith, KAHN, SMITH & COLLINS, P.A., Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Michael C.A. McPherson filed a four-count complaint in federal court against his former employer, Maryland Public Employees Council 67 (the Council). He now appeals from the district court's grant of summary judgment against him on his claim under the Employee Retirement Income Security Act (ERISA). See 29 U.S.C.A. § 1001-1461 (West 1985 & Supp. 1997). He challenges the district court's conclusion that his claims for severance pay, automobile allowance, and attorneys' fees are not cognizable under ERISA because they were not offered pursuant to an "employee welfare benefit plan." See 29 U.S.C.A. § 1002(1)(A) & (B) (West 1985 & Supp. 1997). McPherson also appeals from the district court's refusal to exercise supplemental jurisdiction under 28 U.S.C.A.§ 1367(a) (West 1994), over his state law claims for breach of contract, promissory estoppel, and failure to comply with Maryland's Wage Payment and Collection Law, see Md. Code Ann. Lab. & Empl. § 3-501 to -509 (1991 & Supp. 1996).

We review the grant of summary judgment de novo, using the same standards as applied by the district court. See Roe v. Doe, 28 F.3d 404, 406 (4th Cir. 1994). We have reviewed the record, briefs, and pertinent case law in this matter, and have had the benefit of oral argument. Our de novo review persuades us that the district court did not err in granting summary judgment in favor of the Council because the benefits sought by McPherson were not offered pursuant to an "employee welfare benefit plan." We also conclude that the district

3

court did not abuse its discretion in declining to exercise supplemental jurisdiction over McPherson's state-law claims. See Shanaghan v. Cahill, 58 F.3d 106, 109 (4th Cir. 1995) (reviewing the district court's refusal to exercise supplemental jurisdiction for abuse of discretion). Accordingly, we affirm on the reasoning set forth in the district court's opinion. See McPherson v. Maryland Public Employees Council 67, No. K-96-1867, slip op. (D. Md. Nov. 1, 1996).*

AFFIRMED

_____

*Because ERISA does not apply to this case, we deny the Council's request for attorneys' fees under 29 U.S.C.A. § 1132(g)(1) (West 1985). We also decline to exercise our "inherent equity powers," Appellee's Br. at 20 n.9, to award attorneys' fees in the absence of statutory authorization.

4